# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| STANLEY JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:24-CV-00162 PLC |
| | ) | |
| BILL STANGE,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 filed by Stanley Johnson, an inmate at the Southeast Correctional Center. The Court has reviewed the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and finds it is an unauthorized successive petition. The Court will therefore dismiss it without prejudice.

## Background

Petitioner is in custody pursuant to the judgment of conviction entered in the matter *State v. Johnson,* No. 2106R-04034-01 (21st Jud. Cir., St. Louis County Court). In that case, a jury convicted petitioner of murder in the first degree and forcible rape, and on July 2, 2009, the court sentenced him to serve life in prison. Petitioner's sentence was affirmed by the Missouri Court of Appeals on November 2, 2010. *See State v. Johnson*, 328 S.W.3d 385 (Mo.Ct.App. 2010).

---

[1] Petitioner has named several respondents in this action. The proper respondent for a prisoner currently in custody pursuant to a state court judgment is the state officer having custody of the applicant. *See* 28 U.S.C. § 2254, Rule 2(a). Bill Stange, Warden of Southeast Correctional Center, is the proper respondent. The Court will therefore instruct the Clerk to strike the additional respondents in this action.

On or about October 3, 2013, while in custody pursuant to the judgment in *State v. Johnson,* petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. *See Johnson v. Wallace,* No. 4:13-CV-1994 JMB (E.D. Mo. 2016) (hereinafter referred to as *Johnson I*). Petitioner challenged the judgment of conviction in *State v. Johnson.* On February 26, 2016, the Court denied and dismissed the petition after finding that petitioner's claims were untimely. *Id*. Petitioner did not appeal.

### The Instant Petition

Petitioner filed the instant petition by placing his application for writ in the prison mailing system at Southeast Correctional Center on August 15, 2024. He challenges the judgment of conviction in *State v. Johnson,* No. 2106R-04034-01, the same judgment he challenged in *Johnson I.*

Petitioner asserts claims of trial court error in *State v. Johnson.* He makes no attempt to assert a claim of defect or error in *Johnson I* or seek relief from the judgment entered in that case. However, he does mention, in passing, that he has since pursued post-conviction DNA testing pursuant to Missouri Revised Statute § 547.035. The Court reviewed Missouri Case.Net and found that petitioner was granted DNA testing in *State v. Johnson,* No. 2106R-04034-01 on December 18, 2023.[2]

### Discussion

Petitioner asserts federal bases for relief from the judgment in *State v. Johnson,* the same judgment he challenged in *Johnson I. Johnson I* was an adjudication on the merits that would render future § 2254 petitions challenging the same judgment "second or successive" petitions under 28 U.S.C. § 2244. The Court finds the instant petition is a second or successive petition.

---

[2]As his request was granted, he is not entitled to seek habeas relief relative to that request.

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a "stringent set of procedures" that a state prisoner "must follow if he wishes to file a second or successive habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition permitted by § 2244(b) is filed in this Court, the petitioner must obtain an order from the Eighth Circuit Court of Appeals authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). That requirement is jurisdictional. *Burton*, 549 U.S. at 152.

There is no indication that petitioner sought, much less obtained, the necessary authorization before filing the instant petition. As a result, the Court concludes it lacks jurisdiction to consider the petition. The Court finds it would not be in the interest of justice to transfer this case to the United States Court of Appeals for the Eighth Circuit and will instead dismiss the petition.

The Court has considered whether to issue a certificate of appealability. To do so in this case, the Court must find "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court does not find this procedural ruling to be one that can be reasonably disputed and will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall strike all respondents in this action except for the proper respondent, Warden Bill Stange.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice as an unauthorized successive habeas application. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 5th day of September, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE